J-S63021-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES JACOB BERGER | |
| Appellant | No. 80 WDA 2017 |

Appeal from the PCRA Order Dated December 21, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000898-2008

BEFORE: BOWES, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SOLANO, J.:                      FILED DECEMBER 22, 2017

Appellant Charles Jacob Berger appeals pro se from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541–9546. The PCRA court found the petition untimely and therefore not within its jurisdiction. We affirm.

On March 8, 2011, a jury convicted Appellant of possession with intent to deliver a controlled substance, possession of a controlled substance, and driving under the influence of a controlled substance.[1] On March 23, 2011, the trial court sentenced Appellant to an aggregate term of seven to fourteen years' incarceration. Appellant filed a timely direct appeal. This Court affirmed the judgment of sentence on January 10, 2013, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on August 14, 2013. See Commonwealth v. Berger, No. 1134

———————————————————————
[1] 35 P.S. § 780-113(a)(30) and (a)(16); 75 Pa. C.S. § 3802(d)(1)(ii).

WDA 2011, 2013 WL 11283771 (Pa. Super., Jan. 10, 2013), appeal denied, 72 A.3d 599 (Pa. 2013).

Appellant filed his first PCRA petition on October 2, 2013. The PCRA court denied the petition on July 7, 2015. Appellant appealed from the July 7, 2015 order, and this Court remanded to the PCRA court for a hearing and retained panel jurisdiction. See Commonwealth v. Berger, No. 1173 WDA 2015, 2016 WL 4697950 (Pa. Super., June 27, 2016). On July 17, 2016, prior to the hearing, Appellant sent the PCRA court a letter expressing his desire to withdraw his first PCRA petition. At the hearing, Appellant reiterated his desire to withdraw the petition. We held that Appellant's request made his appeal from the denial of his first petition moot. See Commonwealth v. Berger, No. 1173 WDA 2015, 2016 WL 6080495 (Pa. Super., Oct. 17, 2016).

On September 21, 2016, after Appellant expressed his desire to withdraw his first PCRA petition but before this Court ruled that Appellant's appeal from the denial of that petition was moot, Appellant filed the instant PCRA petition, his second. In it, he claimed: (1) the inventory search of his vehicle was illegal; (2) his sentence was "greater than it should have been"; and (3) there was insufficient evidence to support his conviction for possession with intent to deliver a controlled substance. On October 24, 2016, the PCRA court sent Appellant a Criminal Rule 907 notice of its intent to dismiss Appellant's petition on the basis that it was untimely and

Appellant had failed to satisfy any exception to the PCRA's time bar.[2] On November 9, 2016, Appellant filed a motion for an extension of time to respond to the notice. The PCRA court granted that motion and gave Appellant an additional thirty days (until December 15, 2016) "to respond to [the] court's Rule 907 notice and file [an] amended PCRA petition." Order, 11/16/16 (excess capitalization removed). On December 8, 2016, Appellant filed another motion for an extension of time to file an amended PCRA petition.

On December 21, 2016, the PCRA court issued an opinion and order denying Appellant's second PCRA petition as untimely. In its December 21 opinion, the PCRA court did not address Appellant's December 8, 2016 motion. Rather, the PCRA court stated that Appellant had not filed anything since his November 9, 2016 motion for an extension.

_____

[2] Generally, a petitioner may not file a second PCRA petition while the appeal from his first PCRA petition is pending. Commonwealth v. Lark, 746 A.2d 585, 588 (Pa. 2000). This is because the PCRA court has no jurisdiction to act on a subsequent PCRA petition once authority over the case has been transferred to the appellate court. Id. However, where the petitioner abandons his first PCRA petition, he may file a second PCRA petition before the appeal period applicable to the first PCRA petition has expired. See Commonwealth v. Zeigler, 148 A.3d 849, 852-53 (Pa. Super. 2016); C.J.S. Appeal and Error § 20 ("As a general rule a second proceeding to obtain review by an appellate court cannot be taken while a prior valid proceeding for such purpose is still pending, and if it is attempted, the second proceeding will be dismissed, unless it has been validated by the abandonment of the first proceeding, or the first proceeding is so defective and ineffectual that it cannot properly be regarded as pending." (emphasis added)), cited in Lark, 746 A.2d at 588. Appellant abandoned his first PCRA petition before filing his second. Therefore, this case does not present a jurisdictional problem under Lark.

On January 11, 2017, Appellant filed a motion for reconsideration of the PCRA court's December 21, 2016 order, arguing that the PCRA court erred in not ruling on his December 8 motion. Appellant attached an amended PCRA petition to his motion for reconsideration. In the amended petition, he argued that the PCRA court had jurisdiction over his second petition because (1) he was raising a claim of actual innocence; (2) the time bar exception set forth at 42 Pa. C.S. § 9545(b)(1)(iii) applied because he was asserting a newly-recognized constitutional right set forth in Alleyne v. United States, 570 U.S. 99 (2013); and (3) the exception set forth at 42 Pa. C.S. § 9545(b)(1)(i) applied because his appellate and PCRA counsel interfered with his right to properly raise meritorious issues. Also on January 11, 2017, Appellant filed a timely notice of appeal. On January 26, 2017, the PCRA court issued an order denying Appellant's motion for reconsideration and motion for an extension of time to file an amended PCRA petition.[3]

In this appeal, Appellant raises the following issues, as stated in his brief:

> 1. Whether the PCRA [c]ourt should have allowed Appellant to have an additional 30 days to file his respon[s]e and amended

_____

[3] Appellant's January 11, 2017 notice of appeal divested the trial court of jurisdiction to proceed further in his case, Pa.R.A.P. 1701(a), except that the court had until January 20, 2017 (30 days after entry of the December 21, 2016 order) to grant the portion of Appellant's motion that sought reconsideration, Pa.R.A.P. 1701(b)(3). Because the court's January 26, 2017 order was entered after these dates, it was a nullity, and Appellant's motion was denied by operation of law upon the taking of his appeal.

PCRA Petition which would have provided the [c]ourt with reason and jurisdiction to entertain the second PCRA petition.

2. Whether Appellant is Constitutionally applicable to use the PCRA as an avenue to p[u]rsue an Actual Innocence Claim, even if he did not meet any of the three statutory exceptions and if he was unable to, is the PCRA's Jurisdictional time frame unconstitutional and not in accord with the United States Supreme Court[']s rulings.

Appellant's Brief at 5.

This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." Commonwealth v. Barndt, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations and internal quotation marks omitted).

Appellant argues that the PCRA court erred in holding that it lacked jurisdiction over his second PCRA petition. In his brief, Appellant contends that because he is raising an "actual innocence" claim, the PCRA's time bar does not apply. Appellant relies on McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013), in which the U.S. Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" despite the expiration of the statute of limitations for filing a federal habeas corpus petition.

The timeliness of a PCRA petition is jurisdictional. Commonwealth v. Hernandez, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for

- 5 -

relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition that are set forth in Section 9545(b) of the statute. See 42 Pa. C.S. § 9545(b). "[E]xceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." Commonwealth v. Burton, 936 A.2d 521, 525 (Pa. Super. 2007), appeal denied, 959 A.2d 927 (Pa. 2008). The three statutory exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa. C.S. § 9545(b)(1).

Here, Appellant's judgment of sentence became final on November 12, 2013, when Appellant's time for seeking review in the U.S. Supreme Court expired. See 42 Pa. C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13 (providing that petition for writ of certiorari must be filed within 90 days of the order by the state court of last resort denying discretionary review). As Appellant filed

the instant PCRA petition almost three years after his judgment of sentence became final, it is patently untimely unless Appellant has satisfied his burden of pleading and proving that one of the three enumerated exceptions applies.

Appellant did not timely assert any exception to the PCRA's time bar in the PCRA court. Although in his brief to this Court, he argues that the time bar does not apply because he is asserting a claim of "actual innocence," he did not properly raise this issue before the PCRA court, and so it is waived. See Burton, 936 A.2d at 525.

In any event, Appellant's contention is meritless. This Court has previously held that McQuiggin relates only to federal habeas corpus law and is "irrelevant to our construction of timeliness provisions set forth in the PCRA." Commonwealth v. Brown, 143 A.3d 418, 420-21 (Pa. Super. 2016). In addition, the Pennsylvania Supreme Court has held that "the time restrictions for filing PCRA petitions are constitutional[.]" Commonwealth v. Peterkin, 722 A.2d 638, 643 n.5 (Pa. 1998). In accordance with Brown and Peterkin, we conclude that even if Appellant had properly asserted an actual innocence claim, this assertion would not overcome the PCRA's time limit.

In view of our jurisdictional holding, we also hold that the trial court did not commit reversible error when it dismissed Appellant's PCRA petition without first ruling on Appellant's December 8, 2016 motion for an extension of time to file an amended petition. The proposed amended petition argued

that the PCRA court had jurisdiction because: (1) Appellant was raising a claim of actual innocence; (2) he relied on the Alleyne decision to assert a newly-recognized constitutional right under Section 9545(b)(1)(iii); and (3) his counsel interfered with his right to raise meritorious issues, making the exception set forth in Section 9545(b)(1)(i) applicable. However, as we discussed above, a claim of actual innocence does not provide an exception to the PCRA's time bar. In addition, the Pennsylvania Supreme Court has held that Alleyne does not apply retroactively in the PCRA context and therefore does not give rise to an exception under Section 9545(b)(1)(iii). Commonwealth v. Washington, 142 A.3d 810, 820 (Pa. 2016). And "it is well settled that the alleged ineffectiveness of all prior counsel, including first PCRA counsel, does not fall within the governmental interference exception" set forth in Section 9545(b)(1)(i). Commonwealth v. Crews, 863 A.2d 498, 503 (Pa. 2004). Therefore, the amended PCRA petition that Appellant sought more time to file did not assert any viable theory for overcoming the PCRA's time bar, and any error by the PCRA court in not allowing Appellant to have that additional time would have been harmless.

In sum, we hold that the PCRA court correctly concluded that it lacked jurisdiction to consider Appellant's untimely second PCRA petition and affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2017